# ROBERT F. DICK

## v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Dram Shops—Sale to Minor—Evidence.*

1.  In the prosecution of a saloon keeper for the alleged sale of intoxicating liquor to a minor, the father of the latter should not upon trial be allowed to testify that he had told the father of the saloon keeper certain things touching such alleged sales.

2.  Where in such case the minor testifies to having purchased liquor of such saloon keeper, and being asked upon cross-examination if he had not told a third person that he could not obtain liquor from such person, and answers, that he never did, it is proper to allow such person to testify by way of impeachment that he so told him.

[Opinion filed May 25, 1893.]

IN ERROR to the Circuit Court of Ogle County; the Hon. JAMES SHAW, Judge, presiding.

Messrs. O'BRIEN & O'BRIEN and J. C. SEYSTER, for plaintiff in error.

Mr. D. W. BAXTER, State's Attorney, for defendants in error.

MR. JUSTICE HARKER.  The plaintiff in error was convicted of selling intoxicating liquor to a minor, and sentenced to pay a fine of thirty dollars and to confinement in the county jail for thirty days.

Upon the trial the court (against the objection of plaintiff in error) permitted the father of the minor to testify that he told the father of the plaintiff in error that " Robert Dick had been selling whisky to his boy again; that he had forbidden him, often enough, and that he should follow him to the extent of the law for doing so; that the boy had come home drunk, and that he had fair knowledge that he

got the whisky at the saloon of plaintiff in error." This was error.

The minor testified that on the 18th of June, 1892, he obtained liquor at the saloon of plaintiff in error frequently and became quite intoxicated there. On cross-examination he was asked whether he did not say to one George Brown that he was unable to get anything to drink at the saloon of plaintiff in error, to which he replied, "no." The court refused to allow George Brown to testify by way of impeachment that the minor had so told him.

The declaration of such minor, if made, tended to impeach him, and inasmuch as the proper foundation was laid for the introduction of Brown's testimony upon that point, the court erred in refusing to allow it to go to the jury.

Inasmuch as the sales to the minor were denied, and there was a conflict in the testimony, the two errors indicated may have worked great injury to the plaintiff in error.

And because of them, the judgment must be reversed.

*Reversed and remanded.*